IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No:

**ISMAIL G. GOZEN**
**c/o John R. Galloway, Esq.**
**1516 P Street, N.W.**
**Washington, D.C. 20005,**

                    **Plaintiff,**                          **NOTICE OF REMOVAL**

    **v.**

**CF 910 M L.L.L.P.**
**Serve: C T Corporation System**
**1015 15th Street, NW Suite 1000**
**Washington, D.C. 20005,**

                    **Defendant.**

Defendant CF 910 M L.L.L.P. ("Defendant") gives notice of the removal of this action

from the Superior Court for the District of Columbia to the United States District Court for the

District of Columbia. The grounds for removal are as follows.

    1.     The Summons and Complaint in this action were filed in the Superior Court on

May 26, 2007 and served on Defendant on June 8, 2007.

    2.     The action is now pending in the Superior Court for the District of Columbia and

has been designated Civil Action No. 0003602-07.

    3.     The time within which the law of the District of Columbia requires Defendant to

answer or otherwise plead to the Complaint has not expired.

    4.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332

because complete diversity exists between the parties to the litigation and the amount in

controversy exceeds $75,000, exclusive of interest and costs.

5.    For purposes of determining whether diversity jurisdiction exists, Plaintiff alleges that he is a resident of the District of Columbia in paragraph 1 of his Complaint.  In paragraph 2 Plaintiff alleges that Defendant is a limited liability partnership and is a citizen of any state in which a partner is a resident or a citizen.

6.    Defendant CF 910 M L.L.L.P. is in fact a limited liability partnership.  All of its partners are residents and citizens of either North Carolina, Delaware, or Canada.  Therefore, CF 910 M L.L.L.P. is not a citizen or resident of the District of Columbia.

7.    Defendant has attached to this Notice and filed herewith, all process, pleadings and orders served upon it in this action as required by 28 U.S.C. § 1446(a).

8.    Defendant's counsel will serve upon counsel for Plaintiff written Notice of the Removal of this action and will file a copy of said Notice with the Clerk of Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

Respectfully submitted,

Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone:    (202) 295-2200
Facsimile:    (202) 295-2250
eric.yaffe@gpmlaw.com
jimmy.chatsuthiphan@gpmlaw.com

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:      (704) 377-8344
Facsimile:      (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
CF 910 M L.L.L.P.

Dated: June 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2007, a copy of the foregoing **NOTICE**

**OF REMOVAL** was sent by facsimile and first class U.S. mail to the following:

> John R. Galloway
> 1516 P Street, N.W.
> Washington, D.C. 20005
> Facsimile (202) 726-6629
> johngalloway@email.com
>
> Attorney for Plaintiff

_____
Eric L. Yaffe

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

ISMAIL G. GOZEN

**DEFENDANTS**

CF 910 M L.L.L.P.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John R. Galloway, Esq.
1516 P Street, N.W.
Washington, D.C. 20005
Telephone: (202) 726-5426

ATTORNEYS (IF KNOWN)

Eric L. Yaffe, Esq.
Jimmy Chatsuthiphan, Esq.
GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

⊙ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ◉ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ subject to proof  Check YES only if demanded in compla

JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 06/28/2007   SIGNATURE OF ATTORNEY OF RECORD  *Eric Yoffe*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**ISMAIL G. GOZEN**
c/o John R. Galloway, Esq.
1516 P Street, NW
Washington, D.C. 20005

          Plaintiff

  v.

**CF 910 M L.L.LP**
serve: C T Corporation System
1015 15th Street, NW Suite 1000
Washington, D.C. 20005

> RECEIVED
> Civil Clerk's Office
>
> MAY 2 6 2007
>
> Superior Court of the
> District of Columbia
> Washington, D.C.

0003602-07

Civil Action No. _____

**ACTION INVOLVING REAL PROPERTY**

**JURY DEMAND**

### VERIFIED COMPLAINT

**NOW COMES** the plaintiff, Ismail G. Gozen, and for his Complaint does say as follows:

### PARTIES

1. The plaintiff is a resident of the District of Columbia.

2. The defendant is a limited partnership and as such is a citizen of any state in which a partner is resident or a citizen.

### JURISDICTION

3. This Court has jurisdiction in that all events alleged in the complaint took place within the District of Columbia, the real property at issue is within the District of Columbia and the defendant conducts business within the District of Columbia and has availed itself of the laws of the District of Columbia.

## STATEMENT OF FACTS

4. On or about March 23, 2005 the plaintiff entered into a pre-construction purchase agreement for unit 1022 and one parking space at the Whitman Condominium located at 910 M Street, NW in the District of Columbia which was marketed as a luxury condominium.

5. The defendant represented that the unit contained 2003 square feet and the plaintiff was willing to purchase the unit at the stipulated purchase price based on the number of square feet purportedly within the unit. The amount of square footage was a material to the plaintiff's decision to purchase.

6. At no point did the defendant voluntarily reveal to the plaintiff that the property was 169 square feet smaller than the defendant had represented to the plaintiff to induce the formation of the purchase agreement.

7. The equivalent of the missing square footage in this unit is equivalent to one entire room and comparable to the square footage of the master bedroom in this unit.

8. The missing square feet is not de minimis or inconsequential and can not be ignored.

9. Separately, the defendant added a major structural pillar into the master bathroom, apparently to support a swimming pool, which the defendant has placed above the unit. This pillar did not appear anywhere in the plans presented to the plaintiff to induce his signing of the purchase agreement.

10. The effects of the addition of a major structural pillar is to reduce the size of the shower to that of a tiny shower, and the total elimination of one sink and face basin in the master bathroom where a double sink and basin were suppose to be according to the plans, and the reduction of usable space within the bathroom.

11. At no time during construction did the defendant advise the plaintiff of the reduction in useable space in the bathroom, and the addition of the major structural pillar.

12. The defendant, as the developer, obviously knew of these material changes to the bathrooms and failed to apprise the plaintiff.

13. The defendant, as the developer, knew, or should have known, at the time of its signing the purchase agreement, that its representations as to square footage of the unit were false.

14. The plaintiff learned that the unit had less than the square footage represented to him to induce the purchase agreement only after the unit was measured as part of an independent appraisal of the unit.

15. The defendant has refused to provide any information which states why the structural pillar was added and concerning the possibility of collapse of the ceiling, or other negative possibilities, due to the weight of the water in the swimming pool the defendant has placed directly above the plaintiff's prospective unit in utter bad faith.

16. On April 24, 2007 the plaintiff made a request to the defendant for a reduction in the sales price based on the simple formula of computation of the per square foot price of the unit under the purchase agreement minus the price per square foot, under the purchase agreement, of the square footage not actually provided within the unit. This came to approximately $79,868 dollars. The request was rejected by the defendant and the defendant demanded that the plaintiff close on immediately the transaction.

17. At all times the plaintiff has been ready, willing and able to consummate the purchase agreement.

18. The defendant has claimed that it is unilaterally retaining the plaintiff's $70,000 deposit on the unit.

19. The plaintiff is compelled to bring this action to protect his rights.

## COUNT I
## BREACH OF CONTRACT
## SPECIFIC PERFORMANCE

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 herein above as if fully stated here.

21. At all times relevant the plaintiff has been and continues to be ready, willing and able to close on his purchase agreement.

22. As a direct result of loss of the equivalent of one entire room  the plaintiff is entitled to an abatement or reduction in the purchase price of the unit.

23. As a direct result of the insertion of a major structural pillar into the master bedroom, reducing the amount of usual space and reducing the promised amenities of the master bathroom, the plaintiff is entitled to an abatement or reduction in the purchase price of the unit.

24. The plaintiff seeks the correction or remediation of each and every  problem or defect as stated in paragraph  15  herein above, at the sole expense of the defendant.

25. Plaintiff seeks specific performance of his contract to purchase and that the purchase price be abated by an amount equal to the price per square foot represented by the seller to be within the unit which the defendant has not provided within the unit.

## COUNT II
## DISTRICT OF COLUMBIA CONSUMER PROCEDURES PROTECTION ACT
## DECEPTIVE TRADE PRACTICES
### *DC Code 28-3906*

**Tort**

26. The plaintiff incorporates by reference the allegations contained in paragraph 1 through 25 herein above as if fully stated here.

27. The defendant, as developer of the property, know or should have known, the actual dimensions of the unit in square feet at the time of marketing and inducing the purchase agreement.

28. The sale and marketing of real state are subject to the DC Consumer Protection Procedures Act.

29. The plaintiff relied upon the misrepresentations of the defendant, and its agents, as to the square footage of the unit, the defendant knew they were false or misleading and intended that the plaintiff rely upon such representations which were material to the transaction., and the plaintiff did rely on such representations to his pecuniary detriment.

30. The actions of the defendant in the marketing and in inducing the purchase agreement had the tendency to mislead and did mislead the plaintiff on a material matter.

### COUNT III
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### Tort

31. Plaintiff re-alleges the allegations contained in paragraphs 1 through 30 herein above as if stated here.

32. District of Columbia law implies a term of good faith and fair dealing into all contracts.

33. The actions of the defendant in presenting the square footage of the unit in its marketing materials, and by its agents, which the defendant, as developer, knew, or should have known , were false was in bad faith.

34. The actions of the defendant by claiming to have the absolute right to make any changes it desired in the unit it deemed to be in its interest without regard to the plaintiff's rights as purchaser were unfair and have the effect of denying the plaintiff that which he contracted for under the purchase agreement.

35. The refusal of the defendant to abate or the purchase price per square feet under the purchase agreement in light of the eliminations of the equivalent of an entire room from the footage of the unit , denies the plaintiff of that which he had every right expect and is in bad faith and unfair in the given circumstances.

## JURY DEMAND

36. The plaintiff hereby demands a jury trial on all matters.

**WHEREFORE**, seeks judgment against the defendant as follows:

a. On Count One, an order of specific performance requiring that the defendant comply with the purchase agreement, including correction and mediation of any and all problems, omissions and defects in the unit at its sole expense; and a reduction or abatement in the purchase price of $79, 878.00 based on the missing square footage based on the square foot price of the unit under the purchase agreement.

b. On Count Two, all the remedies for deceptive trade practices and violation of the *District of Columbia Consumer Protection Procedures Act,* which are separately allowed under *D.C. Code 28-3906*, not with standing the assertion of a cause of action for specific performance of the purchase agreement.

c. Damages for the breach of the implied covenant of good faith and fair dealing in an amount to be proved at trial.

d. Such further and additional relief as the Court deems just and proper.

6

## VERIFICATION

*District of Columbia: ss*

I, Ismail G. Gozen, first being duly sworn on oath depose and state that the forgoing

Verified Complaint has been read and subscribed by me and the things contained therein

are true to the best of my knowledge, information and belief.

_____
ISMAIL G. GOZEN

Traci S. Hajducsek
Notary Public, District of Columbia
My Commission Expires 8-31-2009

My commission expires _____    NOTARY PUBLIC

Respectfully submitted,

_____
Johnny R. Galloway DC Bar No. 458056
1516 P Street, NW
Washington, D.C. 20005
johngalloway@email.com
(202)726.5426

7

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

**ISMAIL G. GOZEN**
c/o John R. Galloway, Esq.
   1516 P Street, NW
   Washington, D.C. 20005

          Plaintiff

  v.

**CF 910 M  L.L.LP**
 serve: C T Corporation System
1015 15th Street, NW Suite 1000
Washington, D.C. 20005

RECEIVED
Civil Clerk's Office

MAY 2 6 2007

Superior Court of the
District of Columbia
Washington, D.C.

0003602-07

Civil Action No. _____

**ACTION INVOLVING REAL
PROPERTY**

**JURY DEMAND**

---

## VERIFIED COMPLAINT

**NOW COMES** the plaintiff, Ismail G. Gozen, and for his Complaint does say as
follows:

### PARTIES

1. The plaintiff is a resident of the District of Columbia.

2. The defendant is a limited partnership and as such is a citizen of any state in which a

partner is resident or a citizen.

### JURISDICTION

3. This Court has jurisdiction in that all events alleged in the complaint took place within

the District of Columbia, the real property at issue is within the District of Columbia and

the defendant conducts business within the District of Columbia and has availed itself of

the laws of the District of Columbia.

## STATEMENT OF FACTS

4. On or about March 23, 2005 the plaintiff entered into a pre-construction purchase agreement for unit 1022 and one parking space at the Whitman Condominium located at 910 M Street, NW in the District of Columbia which was marketed as a luxury condominium.

5. The defendant represented that the unit contained 2003 square feet and the plaintiff was willing to purchase the unit at the stipulated purchase price based on the number of square feet purportedly within the unit. The amount of square footage was a material to the plaintiff's decision to purchase.

6. At no point did the defendant voluntarily reveal to the plaintiff that the property was 169 square feet smaller than the defendant had represented to the plaintiff to induce the formation of the purchase agreement.

7. The equivalent of the missing square footage in this unit is equivalent to one entire room and comparable to the square footage of the master bedroom in this unit.

8. The missing square feet is not de minimis or inconsequential and can not be ignored.

9. Separately, the defendant added a major structural pillar into the master bathroom, apparently to support a swimming pool, which the defendant has placed above the unit. This pillar did not appear anywhere in the plans presented to the plaintiff to induce his signing of the purchase agreement.

10. The effects of the addition of a major structural pillar is to reduce the size of the shower to that of a tiny shower, and the total elimination of one sink and face basin in the master bathroom where a double sink and basin were suppose to be according to the plans, and the reduction of usable space within the bathroom.

2

11. At no time during construction did the defendant advise the plaintiff of the reduction in useable space in the bathroom, and the addition of the major structural pillar.

12. The defendant, as the developer, obviously knew of these material changes to the bathrooms and failed to apprise the plaintiff.

13. The defendant, as the developer, knew, or should have known, at the time of its signing the purchase agreement, that its representations as to square footage of the unit were false.

14. The plaintiff learned that the unit had less than the square footage represented to him to induce the purchase agreement only after the unit was measured as part of an independent appraisal of the unit.

15. The defendant has refused to provide any information which states why the structural pillar was added and concerning the possibility of collapse of the ceiling, or other negative possibilities, due to the weight of the water in the swimming pool the defendant has placed directly above the plaintiff's prospective unit in utter bad faith.

16. On April 24, 2007 the plaintiff made a request to the defendant for a reduction in the sales price based on the simple formula of computation of the per square foot price of the unit under the purchase agreement minus the price per square foot, under the purchase agreement, of the square footage not actually provided within the unit. This came to approximately $79,868 dollars. The request was rejected by the defendant and the defendant demanded that the plaintiff close on immediately the transaction.

17. At all times the plaintiff has been ready, wiiling and able to consummate the purchase agreement.

3

18. The defendant has claimed that it is unilaterally retaining the plaintiff's $70,000 deposit on the unit.

19. The plaintiff is compelled to bring this action to protect his rights.

## COUNT I
## BREACH OF CONTRACT
## SPECIFIC PERFORMANCE

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 herein above as if fully stated here.

21. At all times relevant the plaintiff has been and continues to be ready, willing and able to close on his purchase agreement.

22. As a direct result of loss of the equivalent of one entire room the plaintiff is entitled to an abatement or reduction in the purchase price of the unit.

23. As a direct result of the insertion of a major structural pillar into the master bedroom, reducing the amount of usual space and reducing the promised amenities of the master bathroom, the plaintiff is entitled to an abatement or reduction in the purchase price of the unit.

24. The plaintiff seeks the correction or remediation of each and every problem or defect as stated in paragraph 15 herein above, at the sole expense of the defendant.

25. Plaintiff seeks specific performance of his contract to purchase and that the purchase price be abated by an amount equal to the price per square foot represented by the seller to be within the unit which the defendant has not provided within the unit.

## COUNT II
## DISTRICT OF COLUMBIA CONSUMER PROCEDURES PROTECTION ACT
## DECEPTIVE TRADE PRACTICES
### *DC Code 28-3906*

4

## Tort

26. The plaintiff incorporates by reference the allegations contained in paragraph 1 through 25 herein above as if fully stated here.

27. The defendant, as developer of the property, know or should have known, the actual dimensions of the unit in square feet at the time of marketing and inducing the purchase agreement.

28. The sale and marketing of real state are subject to the DC Consumer Protection Procedures Act.

29. The plaintiff relied upon the misrepresentations of the defendant, and its agents, as to the square footage of the unit, the defendant knew they were false or misleading and intended that the plaintiff rely upon such representations which were material to the transaction., and the plaintiff did rely on such representations to his pecuniary detriment.

30. The actions of the defendant in the marketing and in inducing the purchase agreement had the tendency to mislead and did mislead the plaintiff on a material matter.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### Tort

31. Plaintiff re-alleges the allegations contained in paragraphs 1 through 30 herein above as if stated here.

32. District of Columbia law implies a term of good faith and fair dealing into all contracts.

33. The actions of the defendant in presenting the square footage of the unit in its marketing materials, and by its agents, which the defendant, as developer, knew, or should have known , were false was in bad faith.

5

34. The actions of the defendant by claiming to have the absolute right to make any changes it desired in the unit it deemed to be in its interest without regard to the plaintiff's rights as purchaser were unfair and have the effect of denying the plaintiff that which he contracted for under the purchase agreement.

35. The refusal of the defendant to abate or the purchase price per square feet under the purchase agreement in light of the eliminations of the equivalent of an entire room from the footage of the unit , denies the plaintiff of that which he had every right expect and is in bad faith and unfair in the given circumstances.

## JURY DEMAND

36. The plaintiff hereby demands a jury trial on all matters.

**WHEREFORE**, seeks judgment against the defendant as follows:

a. On Count One, an order of specific performance requiring that the defendant comply with the purchase agreement, including correction and mediation of any and all problems, omissions and defects in the unit at its sole expense; and a reduction or abatement in the purchase price of $79, 878.00 based on the missing square footage based on the square foot price of the unit under the purchase agreement.

b. On Count Two, all the remedies for deceptive trade practices and violation of the *District of Columbia Consumer Protection Procedures Act,* which are separately allowed under *D.C. Code 28-3906*, not with standing the assertion of a cause of action for specific performance of the purchase agreement.

c. Damages for the breach of the implied covenant of good faith and fair dealing in an amount to be proved at trial.

d. Such further and additional relief as the Court deems just and proper.

6

## VERIFICATION

*District of Columbia: ss*

I, Ismail G. Gozen, first being duly sworn on oath depose and state that the forgoing

Verified Complaint has been read and subscribed by me and the things contained therein

are true to the best of my knowledge, information and belief.

ISMAIL G. GOZEN

Traci S. Hajducsek
Notary Public, District of Columbia
My Commission Expires 8-31-2009

My commission expires _____

NOTARY PUBLIC

Respectfully submitted,

Johnny R. Galloway DC Bar No. 458056
1516 P Street, NW
Washington, D.C. 20005
johngalloway@email.com
(202)726.5426

7

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C.  20001  Telephone:  879-1133

_ISMAIL G. GOZEN_

Plaintiff

vs.

_CF 910 M L.L.L.P._

Defendant

Civil Action No. 0003602-07

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

_JOHNNY R. GALLOWAY_
Name of Plaintiff's Attorney

_1516 P STREET, NW_
Address

_WASHINGTON, D.C. 20005_

_(202) 726.5426_
Telephone

By _____
Deputy Clerk

Date _5/26/07_

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/08/2007
Log Number 512296428

**TO:**     Stacy Rosenthal, Associate
The Carlyle Group, L.P.
Suite 220 South, 1001 Pennsylvania Avenue, N.W.
Washington, DC, 20004-

**RE:     Process Served in District of Columbia**

**FOR:**     CF 910 M, L.L.L.P. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ismail G. Gozen, Pltf. vs. CF 910 M L.L.L.P., Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Addendum, Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | Superior Court - Civil Division, DC
Case # 0003602-07 |
| **NATURE OF ACTION:** | Action Involving Real Property - Plaintiff seeking damages in the amount of $79,878.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/08/2007 postmarked on 06/06/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | (DC) Johnny Reeves Galloway
1516 P Street, N.W.
Washington, DC, 20005
202-726-5426 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798193122819
Image SOP - Page(s): 12 |
| **SIGNED:
PER:
ADDRESS:** | C T Corporation System
Mark Diffenbaugh
1015 15th Street, N.W.
Suite 1000
Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.



U.S. POSTAGE
PAID
WASHINGTON, DC
2009
JUN 06 '07
AMOUNT
$5.94
0010 1081-35

20005

0000

UNITED STATES
POSTAL SERVICE





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7006 2150 0004 3234 7163

Johnny Reeves Galloway
Attorney At Law
1516 P Street, N.W.
Washington, D.C. 20005

TO:

CT Corporation System
Suite 1002
1015 15 th Street, NW
Washington, D.C.
20025



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ISMAIL G GOZEN
    Vs.                     C.A. No.     2007 CA 003602 B
CF 910 M L.L.L.P.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:  May 26, 2007
Initial Conference: 9:30 am, Friday, August 24, 2007
Location: Courtroom 518
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

ISMAEL G. GOZEN
_____
Plaintiff

Civil Action No.  0003602-07

vs.

CF 9I0M L.L.L.P.
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

JOHNNY R. GALLOWAY
Name of Plaintiff's Attorney

1516 P STREET, NW
Address

WASHINGTON, D.C. 20005

(202) 726.5426
Telephone

By _____
Deputy Clerk

Date 5/26/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ISMAIL G GOZEN
Vs.                                         C.A. No.       2007 CA 003602 B
CF 910 M L.L.L.P.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:  May 26, 2007
Initial Conference: 9:30 am, Friday, August 24, 2007
Location:  Courtroom 518
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc