IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No.: 1:07-cv-01159 RWR

| | |
|---|---|
| ISMAIL G. GOZEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CF 910 M, L.L.L.P.,<br><br>　　　　　　Defendant. | ANSWER |

Defendant CF 910 M, L.L.L.P. ("Defendant") hereby answers the Verified Complaint of Plaintiff Ismail G. Gozen ("Plaintiff"). Answering the numbered paragraphs of the Complaint:

Parties

1.　Admitted upon information and belief.

2.　Defendant is a Delaware limited liability limited partnership, and none of its partners are citizens or residents of the District of Columbia.

Jurisdiction

3.　The allegations of Paragraph 3 do not require a response, but Defendant responds that it has removed this case and alleged that this Court has jurisdiction over the parties.

Statement of Facts

4.　Admitted.

5.　Denied.

6.　Denied.

7.　Denied.

8.　Denied.

9. Defendant admits that it placed a column in Unit 1022 as it was permitted to do under the condominium documents. Except as admitted, Defendant denies the allegations of Paragraph 9.

10. Defendant admits that it placed a column in Unit 1022 as it was permitted to do under the condominium documents. Except as admitted, Defendant denies the allegations of Paragraph 10.

11. Defendant admits that it placed a column in Unit 1022 as it was permitted to do under the condominium documents. Except as admitted, Defendant denies the allegations of Paragraph 11.

12. Defendant admits that it placed a column in Unit 1022 as it was permitted to do under the condominium documents. Except as admitted, Defendant denies the allegations of Paragraph 12.

13. Denied.

14. Defendant denies any misrepresentation of the square footage of Unit 1022. Except as otherwise stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15. Denied.

16. Defendant admits that Plaintiff, through counsel, made a written request dated April 24, 2007, for a purchase price reduction in the amount of "approximately $79,868," which request included various allegations. That writing speaks for itself and requires no further response. Defendant further admits that it, through counsel, responded to Plaintiff on April 27, 2007, denying the allegations but also making a settlement proposal to Plaintiff. Plaintiff's

counsel summarily rejected that proposal and eventually filed this case. Except as otherwise stated, Defendant denies the allegations of Paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

18. Defendants admits that it has retained Plaintiff's deposit for reason that it is entitled to do so under the condominium documents. Except as admitted, Defendant denies the allegations of Paragraph 18.

19. Denied.

### Response to Count I

20. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 19 above.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies those allegations.

22. Denied.

23. Denied.

24. Defendant admits Plaintiff seeks various items of relief at Defendant's expense. Defendant denies Plaintiff is entitled to any such relief. Defendant is unable to respond to Plaintiff's reference to Paragraph 15 because it appears to be in error and otherwise denies the allegations of Paragraph 24.

25. Defendant admits Plaintiff seeks specific performance and a simultaneous purchase price abatement. Defendant denies Plaintiff is entitled to any such relief and otherwise denies the allegations of Paragraph 25.

3

Response to Count II

26. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 25 above.

27. Defendant admits that it knew or could have known the dimensions of Unit 1022. Except as admitted, Defendant denies the allegations of Paragraph 27.

28. The allegations of Paragraph 28 require no response. To the extent a response is required, Defendant denies the allegations of Paragraph 28.

29. Denied.

30. Denied.

Response to Count III

31. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 30 above.

32. The allegations of Paragraph 32 require no response. To the extent a response is required, Defendant denies the allegations of Paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. The allegations of Paragraph 36 require no response. To the extent a response is required, Defendant denies the allegations of Paragraph 36.

**DEFENSES**

1. Defendant is entitled to judgment as a matter of law based upon the terms of the Condominium Unit Purchase Agreement (the "Purchase Agreement") and the related condominium documents.

2. Defendant is entitled to judgment as a matter of law against Plaintiff's specific performance claim because Plaintiff is not seeking specific performance of the parties' contract, but specific performance of a contract with terms as Plaintiff alleges they should be.

3. Defendant is entitled to judgment as a matter of law against Plaintiff's separate claim for breach of the covenant of good faith and fair dealing because, as a matter of law, Plaintiff cannot prevail on his breach of contract claim.

4. Plaintiff has failed to join an indispensable party, *i.e.,* The Mayhood Company, in that an employee of The Mayhood Company acted as Defendant's agent for certain purposes, and the statements he allegedly made would have been beyond any authority conferred upon him by Defendant. Accordingly, even if Plaintiff's allegations are true, the only entity that can be liable to Plaintiff is The Mayhood Company.

5. Plaintiff moves to dismiss the Complaint for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process because, upon information and belief, Plaintiff has failed to serve Defendant properly.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendant requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Award Defendant its attorneys' fees as appropriate under applicable law; and

5

3.  Grant Defendant such other relief as the Court may deem appropriate.

This 6th day of July, 2007.

        Respectfully submitted

        /s/ Eric L. Yaffe
        Eric L. Yaffe (D.C. Bar No. 439750)
        Jimmy Chatsuthiphan (D.C. Bar No. 492603)
        GRAY, PLANT, MOOTY, MOOTY
          & BENNETT, P.A.
        2600 Virginia Avenue, NW, Suite 1111
        Washington, D.C. 20037
        Telephone:   (202) 295-2200
        Facsimile:   (202) 295-2250
        eric.yaffe@gpmlaw.com
        jimmy.chatsuthiphan@gpmlaw.com

        Of Counsel:

        D. Blaine Sanders
        ROBINSON BRADSHAW & HINSON
        101 North Tryon Street, Suite 1900
        Charlotte, North Carolina 28246
        Telephone:   (704) 377-8344
        Facsimile:   (704) 373-3944
        bsanders@rbh.com

        Attorneys for Defendant
        CF 910 M, L.L.L.P.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope addressed as follows:

>John R. Galloway
>1516 P Street, N.W.
>Washington, D.C. 20005
>Facsimile (202) 726-6629
>johngalloway@email.com
>
>Attorney for Plaintiff

This 6th day of July, 2007.

>/s/ Eric L. Yaffe