IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ISMAIL G. GOZEN**

      **Plaintiff**

                                              No. 1:07-CV-01159-RWR

  v.

**CF 910 M  L.L.L.P.**

      **Defendant**

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER REMANDING CASE TO THE DISTRICT OF
COLUMBIA SUPERIOR COURT**

Plaintiff Ismail G. Gozen respectfully submits this memorandum in support of his Motion For Order Remanding Case to the District of Columbia Superior Court.

**I.**

**BACKGROUND**

The plaintiff properly filed this lawsuit in the District of Columbia Superior Court. The plaintiff's complaint does not allege any claims arising under federal law.

. In its Notice, the defendant contends that complete diversity exists between it and the plaintiff. Defendant contends that it is a limited liability limited partnership, purportedly with no partners who are citizens of the District of Columbia or who have their principal place of business in the District of Columbia. Defendant also claims that the defendant, itself, is not a

1

citizen of the District of Columbia and that it had the right to remove this action pursuant to *28 U.S.C. sec. 1441.*

The allegations of the defendant's citizenship as contained in the Notice is supported only by the bald assertion of the defendant's attorney. Specifically, there is no competent proof which would establish to a certainty the citizenship of the defendant or its partners.

## II.

## ARGUMENT

Upon filing of a motion to remand , the burden is on the removing party to show that the requirements for removal have been met. *See In re Tobacco/Government Health Care Costs Litig, 100 F. Supp.2d 31, 35 (D.D.C. 2000).* A notice of removal must clearly demonstrate the right of removal.. Any ambiguities are resolved against removal when doubt exists as to jurisdiction. Thus, if the allegations of the Notice leave doubt as to the propriety of removal, then remand is appropriate. *Shadley v. Miler, 733 F.Supp. 54, 55 (E.D. Mich. 1990); Fuller v. Exxon Corp., 131 F.Supp.2d 1323, 1327(S.D. Ala. 2001); Rivers v. International Matex Tank Terminal, 864 F.Supp. 556, 558(E.D. La. 1994); Stemmons v. Toyota Tsuho America, Inc. 8-2 F.Supp. 195, 197(N.D. Ill. 1992).*

Additionally, while a notice of removal may be amended to add necessary allegations, any such amendment must occur before the expiration of the 30-day period permitted for the filing of a notice of removal. *See 28 U.S.C. sec. 1446(b); 14C C. Wright, A.Miller & E. Cooper, Federal Practice & Procedure sec. 3733 at 358-61(3d ed. 1998)(after expiration of the 30-day period,"completely new grounds for removal jurisdiction and missing allegations may not be furnished"); See also Fuller, 131 F. Supp2d at 1327; Wyant v. National R.R. Passenger Corp.,*

*881 F. Supp. 919, 924(S.D.N.Y. 1995); Castle v. Laurel Creek Co. Inc., 848 F.Supp. 62,66(S.D.W.Va. 1994).*

**A. Defendant's Notice Provides Only Naked Assertions Without Documentary Support As To Its Claims of Citizenship**

The limited liability limited partnership is a citizen of each state in which any of its partners is a citizen. See, *Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).* The Notice contains no specific information as to who the partners are and where they claim to be citizens other than undocumented general statements made by the defendant's attorney. It is possible that one or more of the partners is a corporation. Corporations have dual citizenship of their place of incorporation and their "principal place of business." *28 U.S.C. sec. 1332(c)(1). See, also Helmsley-Spear, Inc. Ramfis Realty, Inc, No. 03 Civ. 8482, 2003 WL 22801162, at *2(S.D.N.Y. Nov.* 25,2003). The bare, undocumented, statement that the defendant and its unnamed partners are clearly not sufficient to meet the requirements of the removal provisions of the United States Code.

  If the defendant has "partners" that are themselves limited liability companies or limited partnerships then the Notice is required have identified each of those entities and their claimed citizenships.

Upon information and belief, the defendant was established and continues to exist solely, or primarily, for the purposes of developing and profiting by the sale of condominium units in the District of Columbia. Upon information and belief, the defendant is a single asset entity. Upon information and belief, in the year and a half the defendant has sold condominium units with a sales value of not less than $3,000.000.00 in the District of Columbia. Upon information

and belief, substantially, all of the income of the defendant is derived from its activities within the District of Columbia. If this is so, the primary place of business of the defendant is the District of Columbia. The defendant claims that it, or any of its members,. are not a citizen of the District of Columbia are unproved . The burden of proving the right to removal principal place of business and citizenship, rests on the party asserting the existence of diversity jurisdiction. *See Media Duplication Servs. v. HDQ Software, 928 F.2d 1228,1236(1st Cir. 1991).* Assuming there are corporate partners, it is not the state in which a corporation has its principal executive offices for purposes of taxation that determines its principal place of business. *See Dimmit & Owens Financial, Inc. v. United States, 787 F.2d 1186, 1191(7th Cir. 1986)*; nor does the state in which a corporation has its "home office" determine its principal place of business.. *See Delome v. Union Barge Co., 444 F.2d 225, 233(5th Cir. 1971). Cert. Denied. 404 U.S. 995(1971).* The plaintiff believes that the defendant's activities are substantially in the District of Columbia and that the District of Columbia is the place where its production and services occur. *See Harris v. Black Lawson Co., 961 F.2d 547, 549 n.4(5th Cir. 1992(; JA Olson Co. v. City of Winona, 818 F.2d 401, 404(5th Cir. 1987)*.

### III

### CONCLUSION

The removing party must <u>show</u> that the requirements for removal have been conclusively met at the time of removal and as part of the Notice. This can not be achieved by mere averments by counsel contained in the Notice when obvious proof should have been available such as affidavits, corporate records, and evidence of business activities. The moving party, after all, has thirty days to prepare and document its removal notice. Because of the substantial federalism

concerns raised by a federal court's exercise of jurisdiction over a removed case, all doubts regarding the existence of removal jurisdiction must be resolved in favor of remand. The moving party should not be rewarded for taking a cavalier approach to the reasonable requirements attendant to removal jurisdiction.

Because the defendant is a limited liability limited partnership, it is then a citizen of any state of which its members are citizens.    Again, failing to meet the standards for removal as part of the notice, the defendant has produced no substantive evidence to support removal. It must also be noted that even though the plaintiff's original Complaint in naming the parties refers to the defendant as a North Carolina entity , such a statement can not be the basis for establishing the citizenship of the defendant, or its "partners", for the purposes of federal removal jurisdiction.

For all the foregoing reasons, the plaintiff prays that the Court grant the plaintiff's motion, and enter an order remanding this case to the District of Columbia Superior Court.

*Dated: July 27, 2007*
*Washington, District of Columbia*

                                                Respectfully submitted,

                                                */s/ Johnny R. Galloway*
                                                Johnny R. Galloway DC Bar. 458056
                                                1516 P Street, NW
                                                Washington, D.C.  20005
                                                (202)726.5426

                                                *Attorney for Plaintiff   Ismail G. Gozen*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2007, true and correct copies of the Motion for Order Remanding Case to the District of Columbia Superior Court, the memorandum of points and authorities in support thereof, and a proposed order, were served electronically, and separately via first class mail postage prepaid, upon the following:

Eric L. Yaffe, Esq.
Grant, Plant, Mooty etc.
Suite 1111
2600 Virginia Avenue, NW
Washington, D.C.  20037