**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No: 1:07 CV 01159 RWR**

| | |
|---|---|
| **ISMAIL G. GOZEN,** | |
| **Plaintiff,** | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| **v.** | |
| **CF 910 M L.L.L.P.,** | |
| **Defendant.** | |

Defendant CF 910 M L.L.L.P. ("Defendant") respectfully submits this memorandum in opposition to Plaintiff Ismail G. Gozen's ("Plaintiff") Motion for Order Remanding Case to the District of Columbia Superior Court.

## I.    INTRODUCTION

Plaintiff seeks remand because he asserts there is a lack of diversity between the parties as required under 28 U.S.C. § 1332(a). Plaintiff's main two arguments in this regard, that Defendant's Notice of Removal provides only "naked assertions" without "documentary support" as to its claims of citizenship and that Defendant's partners could be citizens of the District of Columbia, miss the mark entirely. In fact, Defendant's allegations of the states of residence and citizenship of its partners fit precisely with the "short and plain statement" required under 28 U.S.C. § 1446(a). Moreover, Defendant and its partners are not citizens of the District of Columbia. As such, the motion for remand should be denied.

## II.    FACTUAL BACKGROUND

This civil action focuses on the attempt by Plaintiff to enforce a pre-construction purchase agreement for a condominium unit located in the District of Columbia against the

Defendant, a condominium developer.  The pre-construction purchase agreement between the parties set forth a purchase price and established a square footage for the unit.  During construction, Defendant placed a column in the unit, as it was permitted to do under the agreement between the parties, which reduced the condominium's total square footage.  Plaintiff contends that he learned the condominium had less square footage than in the purchase agreement "only after the unit was measured as part of an independent appraisal of the unit." Complaint ¶14.  Defendant denies any misrepresentation with respect to the unit's square footage and is entitled to retain Plaintiff's $70,000 deposit under the purchase agreement.  Plaintiff has not asked for the rescission of the contract, but rather seeks an abatement of the purchase price based entirely on his own calculations.

### III.    LEGAL DISCUSSION

Because Plaintiff is a District of Columbia resident and CF 910 M L.L.L.P. is a limited liability partnership, the resolution of Plaintiff's motion to remand boils down to whether any of the partners of CF 910 M L.L.L.P. are citizens of the District of Columbia.  Plaintiff first challenges the technical sufficiency of Defendant's pleading of this jurisdictional fact, then challenges its substance, but does so based on mere speculation.[1]

### A.    Defendant Sufficiently Has Pleaded CF 910 M L.L.L.P.'s Citizenship.

Plaintiff's challenge to the technical sufficiency of the Notice of Removal is groundless. Plaintiff's Memorandum at 3-4.  At Paragraph 5 of the Notice of Removal, Defendant plainly alleges that it "is a limited liability partnership and is a citizen of any state in which a partner is a resident or citizen."  Defendant further states at Paragraph 6 that "[a]ll of its partners are

---

[1] Plaintiff does not challenge the amount in controversy in this matter.

residents and citizens of either North Carolina, Delaware, or Canada." This standard pleading of jurisdictional facts is sufficient.

28 U.S.C. § 1446(a) provides in relevant part: "[D]efendants desiring to remove any civil action . . . shall file . . . a notice of removal containing a short and plain statement of the grounds for removal . . . ." *See Herero People's Reparations Corp. v. Deutsche Bank AG*, 2002 U.S. Dist. LEXIS 27982, at *6-7 (D.D.C. May 30, 2002) ("A party's burden for removal under 28 U.S.C. § 1446 is not great . . . [and] the pleading requirements for a Notice of Removal are minimal."). Leading commentators note that the "short and plain statement" phrase set forth in § 1146(a) is the same phrase used in Fed. R. Civ. P. 8(a) and thus liberal pleading rules also apply to removal notices. C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3733 at 353 n.9 and 356.

The adequacy of typical jurisdictional allegations normally is not challenged or challengeable.[2]  *See, e.g., Nelson v. Insignia/ESG, Inc.*, 215 F. Supp. 2d 143, 146 (D.D.C. 2002). In an unpublished opinion, Judge Lamberth found, for example, that a simple allegation of "complete diversity" was sufficient grounds for removal. *Agee v. Bush*, 1996 W.L. 914110, n.3

---

[2]  The challenge normally goes to the substance of the jurisdictional facts, and to that end, the Court properly may consider evidence that substantiates the jurisdictional facts pleaded in the Notice of Removal. Plaintiff's statement that "amendment must occur" within the 30-day removal period only applies to amendment of the Notice of Removal to state "new grounds" for removal. Plaintiff's Memorandum at 2. See C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3733 at 358-61. "It is well settled, however, that 28 U.S.C. § 1653 allows a court to permit a party to amend its notice of removal in order to remedy a defective allegation of jurisdiction." *ALMS, Ltd. v. Barnes*, 1998 U.S. Dist. LEXIS 20041, at *3 (N.D. Tex. December 16, 1998). Moreover, "[t]he Court will not remand a case to state court based on a formality where jurisdiction exists." *Id.* at *4. Indeed, it is common for courts to consider evidence such as Defendant submits in Section III(B). *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947-49 (11th Cir. 2000) (district court properly relied upon defendant's calculations subsequent to removal and relevant to amount in controversy); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (district court properly considered affidavits and depositions in ruling on motion to remand).

(D.D.C. August 26, 1996). Plaintiff cites to no case (nor can he) that would require Defendant to

submit documentation or other evidence to support its notice of removal to satisfy the liberal

pleading rules. Even if such evidence were somehow necessary, as discussed below, Defendant

voluntarily submits two affidavits that provide additional facts consistent with its notice of

removal. Thus, Defendant's pleading of CF 910 M L.L.L.P.'s residency and citizenship of its

partners is sufficient under 28 U.S.C. § 1446(a) and this court's precedents.

**B.      CF 910 M L.L.L.P. And Its Partners Are Not Citizens of the District of Columbia.**

In essence, Plaintiff speculates throughout his motion that Defendant and its partners

could be citizens of the District of Columbia. Plaintiff's Memorandum at 3-4. This speculation

apparently is based upon the name of the limited liability partnership, CF 910 M L.L.L.P., even

though Plaintiff acknowledges that it is the citizenship of the partners that is determinative.

Plaintiff's Memorandum at 3. *See, e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

Plaintiff's speculation is without any basis whatsoever because Defendant's partners are only

citizens of either North Carolina, Delaware, or Canada.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any

State by which it has been incorporated and of the State where it has its principal place of

business." In this district, "[t]he principal place of business for a corporation is usually its

headquarters, where day-to-day business is conducted." *Heritage Educ. Trust, et al. v. Katz*, 287

F. Supp. 2d 34, 36 (D.D.C. 2003) (citing *Masterson-Cook v. Criss Brothers Iron Works*, 722 F.

Supp. 810, 812 (D.D.C. 1989). Further, "[i]f a corporation does business in more than one state,

a court might look for its 'nerve center of operation' to determine its citizenship." Limited

liability companies, however, "are treated as analogous to partnerships, which carry the

citizenship of their members." *Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F. Supp. 2d 14, 18 (D.C. Cir. 2003) (citing *Carden*, 494 U.S. at 190).

As demonstrated in the Affidavit of Cynthia T. Myers, Director of Human Resources and Corporate Compliance for Faison & Associates, LLC, ("Myers Aff.") attached as Exhibit 1, CF 910 M L.L.L.P. consists of the following five partners: Faison-910M G.P., LLC; Faison-910M, LLC; Carlyle 910 M Street GP, L.L.C.; Carlyle 910 M Street, L.L.C.; and Carlyle Realty Partners III (Canadian), L.P. Faison-910M G.P., LLC's sole member is Faison-910M, LLC. Myers Aff. at ¶ 12. Both Faison-910M G.P., LLC and Faison-910M, LLC are North Carolina limited liability companies. *Id.* at ¶¶ 5, 13. Faison-910M, LLC's sole member is Faison Capital Development, LLC, also a North Carolina limited liability company. *Id.* at ¶ 20. Faison Capital Development, LLC's sole member is Faison Enterprises, Inc., a North Carolina corporation. *Id.* at ¶ 21.

Faison Enterprises, Inc.'s principal place of business is in Charlotte, North Carolina, where its day-to-day business is conducted. *Id.* at ¶ 23. In addition, Charlotte, North Carolina, is Faison Enterprises, Inc.'s registered office address, registered mailing address, and principal mailing address. *Id.* at ¶ 22. Further, although Faison Enterprises, Inc. has participated in projects in multiple states, all fundamental company decisions are made in North Carolina. *Id.* at ¶ 23. Therefore, under the standards set forth in § 1332 and the case law interpreting the statute, Faison Enterprises, Inc.'s principal place of business is North Carolina.

In addition, as demonstrated in the Affidavit of Thomas Ellis, Vice President and Secretary of each of Carlyle 910 M Street GP, L.L.C. and Carlyle 910 M Street, L.L.C. ("Ellis Aff.") attached as Exhibit 2, none of the Carlyle partners are citizens of the District of Columbia. Carlyle 910 M Street GP, L.L.C.'s sole member is Carlyle 910 M Street, L.L.C. Ellis Aff. at ¶ 8.

Both Carlyle 910 M Street GP, L.L.C. and Carlyle 910 M Street, L.L.C. are Delaware limited liability companies. *Id.* at ¶¶ 2-3, 9. None of Carlyle 910 M Street, L.L.C.'s seven members are citizens of the District of Columbia. *Id.* at ¶ 14. Carlyle Realty Partners III (Canadian), L.P., is a Delaware limited partnership consisting of various entities, none of which are citizens of the District of Columbia, and individual investors who all reside and are citizens of Canada. *Id.* at ¶ 15. Accordingly, CF 910 M L.L.L.P., as a limited liability partnership, is a citizen of North Carolina, Delaware, and Canada.

Even if the Court were to apply the corporate citizenship test to CF 910 M L.L.L.P.'s four limited liability company partners, there would still be complete diversity in this case. All of CF 910 M L.L.L.P.'s limited liability company partners were formed in either North Carolina or Delaware. Myers Aff. at ¶¶ 5, 13; Ellis Aff. at ¶¶ 3, 9. Faison-910M G.P., LLC and Faison-910M, LLC are headquartered in Charlotte, North Carolina, where their respective day-to-day businesses are conducted. Myers Aff. at ¶¶ 10, 18. Carlyle 910 M Street GP, L.L.C. and Carlyle 910 M Street, L.L.C. are not qualified to do business in any other jurisdiction except Delaware. Ellis Aff. at ¶¶ 5, 11. Also, Carlyle 910 M Street GP, L.L.C. and Carlyle 910 M Street, L.L.C. have their registered office addresses and registered mailing addresses in Wilmington, Delaware. *Id.* at ¶¶ 4, 10. In addition, all of the Faison affiliates of Faison-910M G.P., LLC and Faison-910M, LLC are headquartered in Charlotte, North Carolina, as is Faison & Associates, LLC, which supplies all of the employees who conduct the business of Faison-910M G.P., LLC and Faison-910M, LLC. Myers Aff. at ¶¶ 11, 19. Moreover, all of the fundamental company decisions of Faison-910M G.P., LLC and Faison-910M, LLC are made in Charlotte, North Carolina. *Id.* at ¶¶ 10, 18. Further, Faison-910M G.P., LLC and Faison-910M, LLC have their registered office addresses, registered mailing addresses, and principal mailing addresses in

Charlotte, North Carolina. *Id.* at ¶¶ 6, 14. Finally, although Faison-910M G.P., LLC is qualified

to do business in the District of Columbia and has participated in projects in multiple states,

Faison-910M G.P., LLC's manager is located in North Carolina, its officers are based in that

state, and all fundamental company decisions are made there. *Id.* at ¶ 10.

Thus, Plaintiff's assertions about Defendant and its partners, made without the slightest

basis in fact, are irrelevant to the citizenship of CF 910 M L.L.L.P. As a result, all he is left with

is speculation that this district *could be* the principal place of business of one or more of CF 910

M L.L.L.P.'s partners. Plaintiff's Memorandum at 3-4.

Moreover, none of the cases Plaintiff cites to support this argument, as each either

supports the conclusion that diversity jurisdiction exists or is easily distinguishable upon its facts.

In *Dimmit & Owens Financial, Inc. v. The United States,* 787 F.2d 1186, 1192 (7th Cir. 1986),

the court employed the "nerve center test" and concluded that the principal place of business was

where the principal executive offices were located, even though the principal operating facilities

were in another state. Applying this standard to the instant case leads to the conclusion that

North Carolina and Delaware are the principal places of business for Defendant's limited

liability company partners, not (as Plaintiff would have it) in the District of Columbia.

Plaintiff's other cases are equally distinguishable and, furthermore, none is controlling

precedent here. *Harris v. Black Lawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992) (employs "total

activity test" and finds that a long inactive corporation does not have its principal place of

business in the state of its last business activity); *J.A. Olson Co. v. The City of Winona*, 818 F.2d

401, 413 (5th Cir. 1987) (employs "total activity test" and finds that, when the "only substantial

activity" and "some significant business decisions are made" in one place, that location is the

principal place of business); *Delome v. Union Barge Co.*, 444 F.2d 225, 233 (5th Cir. 1971, *cert.*

*denied*, 404 U.S. 995 (1971)) ("an allegation that a corporation's home office is located in a certain state is not equivalent to a declaration that its principal place of business is situated in that state").  As a result, under any recognized test for determining principal place of business, complete diversity exists in this case.

Accordingly, there can be no issue that Defendant and its partners are not citizens of the District of Columbia.

## IV.    CONCLUSION

Based upon the foregoing, Defendant requests that the Court deny Plaintiff's motion.

Respectfully submitted,


/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRAY,  PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, NW, Suite 1111
Washington, D.C. 20037
Telephone:    (202) 295-2200
Facsimile:    (202) 295-2250
eric.yaffe@gpmlaw.com
jimmy.chatsuthiphan@gpmlaw.com

Of Counsel:
D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:    (704) 377-8344
Facsimile:    (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
CF 910 M L.L.L.P.

Dated August 7, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2007, a copy of the foregoing

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO**

**REMAND** was served by facsimile and via the Court's electronic system to the following:

> John R. Galloway
> 1516 P Street, N.W.
> Washington, D.C. 20005
> Facsimile (202) 726-6629
> johngalloway@email.com
>
> Attorney for Plaintiff

/s/ Eric L. Yaffe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No: 1:07 CV 01159 RWR

ISMAIL G. GOZEN,

               Plaintiff,

    v.                                       **AFFIDAVIT OF CYNTHIA T. MYERS**

CF 910 M L.L.L.P.,

               Defendant.

Cynthia T. Myers, being first duly sworn, deposes and says:

1.      I am over 18 years old and have personal knowledge of the facts stated in this affidavit.

2.      I am Director of Human Resources and Corporate Compliance for Faison & Associates, LLC, a North Carolina limited liability company ("F&A").  One of my job duties is to keep the corporate information of the numerous Faison entities maintained by F&A.

3.      CF 910 M L.L.L.P. is a limited liability partnership formed in Delaware.

4.      CF 910 M L.L.L.P. consists of the following five partners: Faison-910M G.P., LLC; Faison-910M, LLC; Carlyle 910 M Street GP, L.L.C.; Carlyle 910 M Street, L.L.C.; and Carlyle Realty Partners III, L.P.

5.      Faison-910M G.P., LLC is a North Carolina limited liability company formed in North Carolina.

6.      Faison-910M G.P., LLC's registered office address, registered mailing address, and principal mailing address all are in Charlotte, North Carolina.  The applicable page from the North Carolina Secretary of State's office is attached as Exhibit A.

7.      In addition to North Carolina, Faison-910M G.P., LLC is qualified to do business as a foreign company in the District of Columbia.

8.      Faison-910M G.P., LLC has been involved in a real estate project located in the District of Columbia. To the best of my knowledge, the Whitman Condominium at 910 M Street is the only District of Columbia project in which Faison-910M G.P., LLC has been involved.

9.      Over the years Faison-910M G.P., LLC has held a general partner interest in CF 910 M L.L.L.P. and holds no other equity interest.

10.     Although Faison-910M G.P., LLC has done business in multiple states, its headquarters is in Charlotte, North Carolina, and its day-to-day business is conducted there and in the District of Columbia. Faison-910M G.P., LLC's manager is located in Charlotte, North Carolina, and its officers are based in Charlotte, North Carolina and the District of Columbia. All fundamental company decisions are made in Charlotte, North Carolina.

11.     All of Faison-910M G.P., LLC's Faison Affiliates are headquartered in Charlotte, North Carolina. F&A also has its headquarters in Charlotte and supplies all of the employees who conduct the business of Faison-910M G.P., LLC.

12.     Faison-910M G.P., LLC's sole member is Faison-910M, LLC.

13.     Faison-910M, LLC is a North Carolina limited liability company formed in North Carolina.

14.     Faison-910M, LLC's registered office address, registered mailing address, and principal mailing address all are in Charlotte, North Carolina. The applicable page from the North Carolina Secretary of State's office is attached as Exhibit B.

15.     Faison-910M, LLC is not qualified as a foreign company to do business in any jurisdiction other than North Carolina.

2

16.     Faison-910M, LLC has been involved in a real estate project located in the District of Columbia.  To the best of my knowledge, the Whitman Condominium is the only District of Columbia project in which Faison-910M, LLC has been involved.

17.     Over the years Faison-910M, LLC has held limited partner and member interests in CF 910 M L.L.L.P. and Faison-910M G.P., LLC and has not held, and does not hold, any other equity interests in any other entities.

18.     Although Faison-910M, LLC has done business in multiple states, its headquarters is in Charlotte, North Carolina, and its day-to-day business is conducted there and in the District of Columbia.  Faison-910M, LLC's manager is located in Charlotte, North Carolina, and its officers are based in Charlotte, North Carolina.  All fundamental company decisions are made in Charlotte, North Carolina.

19.     All of Faison-910M, LLC's Faison Affiliates are headquartered in Charlotte, North Carolina.  F&A also has its headquarters in Charlotte and supplies all of the employees who conduct the business of Faison-910M, LLC.

20.     Faison-910M, LLC's sole member is Faison Capital Development, LLC, a North Carolina limited liability company formed in North Carolina.

21.     Faison Capital Development, LLC's sole member is Faison Enterprises, Inc., a North Carolina corporation formed in North Carolina.

22.     Faison Enterprises, Inc.'s registered office address, registered mailing address, and principal mailing address all are in Charlotte, North Carolina.  The applicable page from the North Carolina Secretary of State's office is attached as Exhibit C.

3

23.    Although Faison Enterprises, Inc. has done business in multiple states, its headquarters is in Charlotte, North Carolina, and its day-to-day business is conducted there.  All fundamental company decisions are made in Charlotte, North Carolina.

This 6th day of August 2007.

_____
Cynthia T. Myers

Sworn to and subscribed before me,

this ___6ᵀʰ___ day of August, 2007.

_____
Notary Public

Beuce D Meyers
Notary's printed or typed name                    (Official Seal)

My commission expires: December 14, 2009

4



*Elaine F. Marshall*
*Secretary*

North Carolina

# DEPARTMENT OF THE SECRETARY OF STATE

PO Box 29622  Raleigh, NC 27626-0622  (919)807-2000

## CORPORATIONS

Corporations Home
Search By Corporate Name
Search For New Corporation
Search By Registered Agent
Important Notice
Corporations FAQ
Tobacco Manufacturers
Dissolution Reports
Non-Profit Reports
Verify Certification
Online Annual Reports

## LINKS & LEGISLATION

KBBE B2B Annual Reports
SOSID Number Correction
2001 Bill Summaries
1999 Senate Bills
Annual Reports 1997
Corporations 1997
Register for E-Procurement
Dept. of Revenue

## ONLINE ORDERS

Start An Order
New Payment Procedures

## CONTACT US

Corporations Division
Secretary of State's web site

## TOOLS

Secretary of State Home
Secretary of State Site Map
Printable Page

Date: 8/6/2007

Click here to:

**View Document Filings |**
 **Print apre-populated Annual Report Form | Annual Report C**
**Report |**

## Corporation Names

| Name | Name Type |
|------|-----------|
| **NC** Faison-910M G.P., LLC | Legal |

## Limited Liability Company Information

| | |
|---|---|
| **SOSID:** | 0738707 |
| **Status:** | Current-Active |
| **Date Formed:** | 8/12/2004 |
| **Citizenship:** | Domestic |
| **State of Inc.:** | NC |
| **Duration:** | Perpetual |

## Registered Agent

| | |
|---|---|
| **Agent Name:** | Farmer, Nancy |
| **Registered Office Address:** | 121 West Trade St 27th F Charlotte NC 28202 |
| **Registered Mailing Address:** | 121 West Trade St 27th F Charlotte NC 28202 |
| **Principal Office Address:** | 121 West Trade St 27th F Charlotte NC 28202 |
| **Principal Mailing Address:** | 121 West Trade St 27th F Charlotte NC 28202 |

For questions or comments about the Secretary of State's web site, please send e-mail to **Webmaster**.



*Elaine F. Marshall*
*Secretary*

North Carolina

# DEPARTMENT OF THE SECRETARY OF STATE

PO Box 29622 Raleigh, NC 27626-0622 (919)807-2000

Date: 8/6/2007

### CORPORATIONS

Corporations Home
Search By Corporate Name
Search For New Corporation
Search By Registered Agent
Important Notice
Corporations FAQ
Tobacco Manufacturers
Dissolution Reports
Non-Profit Reports
Verify Certification
Online Annual Reports

### LINKS & LEGISLATION

KBBE B2B Annual Reports
SOSID Number Correction
2001 Bill Summaries
1999 Senate Bills
Annual Reports 1997
Corporations 1997
Register for E-Procurement
Dept. of Revenue

### ONLINE ORDERS

Start An Order
New Payment Procedures

### CONTACT US

Corporations Division
Secretary of State's web site

### TOOLS

Secretary of State Home
Secretary of State Site Map
Printable Page

Click here to:

**View Document Filings |**
Print apre-populated Annual Report Form | Annual Report C
**Annual Report |**

## Corporation Names

| Name | Name Type |
|---|---|
| **NC** Faison-910M, LLC | Legal |

## Limited Liability Company Information

| | |
|---|---|
| **SOSID:** | 0741141 |
| **Status:** | Current-Active |
| **Date Formed:** | 8/27/2004 |
| **Citizenship:** | Domestic |
| **State of Inc.:** | NC |
| **Duration:** | Perpetual |

## Registered Agent

| | |
|---|---|
| **Agent Name:** | Farmer, Nancy |
| **Registered Office Address:** | 121 West Trade Street 27th Floor Charlotte NC 28202 |
| **Registered Mailing Address:** | 121 West Trade Street 27th Floor Charlotte NC 28202 |
| **Principal Office Address:** | 121 West Trade Street 27th Floor Charlotte NC 28202 |
| **Principal Mailing Address:** | 121 West Trade Street 27th Floor Charlotte NC 28202 |

For questions or comments about the Secretary of State's web site, please send e-mail to **Webmaster**.



*Elaine F. Marshall*
*Secretary*

North Carolina
# DEPARTMENT OF THE SECRETARY OF STATE

PO Box 29622  Raleigh, NC 27626-0622  (919)807-2000

Date: 8/7/2007

Click here to:
**View Document Filings |**

## CORPORATIONS

Corporations Home
Search By Corporate Name
Search For New Corporation
Search By Registered Agent
Important Notice
Corporations FAQ
Tobacco Manufacturers
Dissolution Reports
Non-Profit Reports
Verify Certification
Online Annual Reports

## LINKS & LEGISLATION

KBBE B2B Annual Reports
SOSID Number Correction
2001 Bill Summaries
1999 Senate Bills
Annual Reports 1997
Corporations 1997
Register for E-Procurement
Dept. of Revenue

## ONLINE ORDERS

Start An Order
New Payment Procedures

## CONTACT US

Corporations Division
Secretary of State's web site

## TOOLS

Secretary of State Home
Secretary of State Site Map
Printable Page

## Corporation Names

| Name | Name Type |
|------|-----------|
| **NC** Faison Enterprises, Inc. | Legal |

## Non-Profit Corporation Information

| | |
|---|---|
| **SOSID:** | 0234122 |
| **Status:** | Current-Active |
| **Date Formed:** | 8/31/1988 |
| **Citizenship:** | Domestic |
| **State of Inc.:** | NC |
| **Duration:** | Perpetual |

## Registered Agent

| | |
|---|---|
| **Agent Name:** | Robinson II, Russell M |
| **Registered Office Address:** | 101 N. Tryon St. 1900 Independence Ctr. Charlotte NC 28246 |
| **Registered Mailing Address:** | 101 North Tryon St Suite 1900 Charlotte NC 28246 |
| **Principal Office Address:** | No Address |
| **Principal Mailing Address:** | 121 W Trade St Charlotte NC 28202-5399 |

For questions or comments about the Secretary of State's web site, please send e-mail to **Webmaster**.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No: 1:07 CV 01159 RWR

| | |
|---|---|
| ISMAIL G. GOZEN,<br><br>                         **Plaintiff,**<br><br>    **v.**<br><br>CF 910 M L.L.L.P.,<br><br>                         **Defendant.** | **AFFIDAVIT OF THOMAS ELLIS** |

Thomas Ellis, being first duly sworn, deposes and says:

1.      I am over 18 years old and have personal knowledge of the facts stated in this affidavit.

2.      I am Vice President and Secretary of each of Carlyle 910 M Street GP, L.L.C and Carlyle 910 M Street, L.L.C, each a Delaware limited liability company.

3.      Carlyle 910 M Street GP, L.L.C. is a Delaware limited liability company formed in the State of Delaware.

4.      Carlyle 910 M Street GP, L.L.C.'s registered office address and registered mailing address are in Wilmington, Delaware.   The applicable page from the Delaware Secretary of State's office is attached as Exhibit A.

5.      In addition to Delaware, Carlyle 910 M Street GP, L.L.C. is not qualified to do business in any other jurisdiction other than Delaware.

6.      Carlyle 910 M Street GP, L.L.C. has been involved in a real estate project located in the District of Columbia.  To the best of my knowledge, the Whitman Condominium at 910 M

Street is the only District of Columbia project in which Carlyle 910 M Street GP, L.L.C. has been involved.

7.    Over the years Carlyle 910 M Street GP, L.L.C. has held a general partner interest in C.F. 910 M L.L.L.P. and holds no other equity interest.

8.    Carlyle 910 M Street GP, L.L.C.'s sole member is Carlyle 910 M Street, L.L.C.

9.    Carlyle 910 M Street, L.L.C. is a Delaware limited liability company formed in Delaware.

10.    Carlyle 910 M Street, L.L.C.'s registered office address and registered mailing address are in Wilmington, Delaware.   The applicable page from the Delaware Secretary of State's office is attached as Exhibit B.

11.    Carlyle 910 M Street, L.L.C. is not qualified to do business in any other jurisdiction other than Delaware.

12.    Carlyle 910 M Street, L.L.C. has been involved in a real estate project located in the District of Columbia.  To the best of my knowledge, the Whitman Condominium at 910 M Street is the only District of Columbia project in which Carlyle 910 M Street, L.L.C. has been involved.

13.    Over the years Carlyle 910 M Street, L.L.C. has held a limited partnership interest in C.F. 910 M L.L.L.P. and a limited liability company interest Carlyle 910 M Street GP, L.L.C. and has not held, and does not hold, any other equity interests in any other entities.

14.    None of Carlyle 910 M Street, L.L.C.'s seven members are citizens of the District of Columbia.

15.    To the best of my knowledge, Carlyle Realty Partners III (Canadian), L.P. is a

Delaware limited partnership consisting of various entities who are all not citizens of the District

of Columbia, and individual investors who are all residents and citizens of Canada.

This ___6th___ day of August 2007.

_Thomas Ellis_
Thomas Ellis

Sworn to and subscribed before me,

this _____ day of August, 2007.

_____
Notary Public

**Stacy M. Rosenthal**
**Notary Public, District of Columbia**
**My Commission Expires 10/14/2011**
Notary's printed or typed name

My commission expires: _____

3

(Official Seal)

# State of Delaware
### The Official Website for the First State



Visit the Governor  |  General Assembly  |  Courts  |  Other Elected Officials  |  Federal, State & L

State Directory  |  Help  |  Search Delaware :                          Citizen Services  |  Business Services  |  \

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results

## Entity Details

### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | **3840580** | Incorporation Date / Formation Date: | **08/10/2004** (mm/dd/yyyy) |
| Entity Name: | **CARLYLE 910 M STREET GP, L.L.C.** | | |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE STREET** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **(302)658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information   [Submit]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

# State of Delaware
## The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & L

State Directory | Help | Search Delaware :         Citizen Services | Business Services | \

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results

## Entity Details

### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | **3840578** | Incorporation Date / Formation Date: | **08/10/2004** (mm/dd/yyyy) |
| Entity Name: | **CARLYLE 910 M STREET, L.L.C.** | | |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE STREET** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **(302)658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like   ○ Status   ○ Status,Tax & History Information   [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Action No: 1:07 CV 01159 RWR**

| | |
|---|---|
| **ISMAIL G. GOZEN,** | |
| **Plaintiff,** | |
| **v.** | **PROPOSED ORDER** |
| **CF 910 M L.L.L.P.,** | |
| **Defendant.** | |

Plaintiff Ismail G. Gozen brought this Motion For Order Remanding Case to the District of Columbia Superior Court.  Upon consideration of Plaintiff's Motion and all of the pleadings, files, and proceedings herein, and being fully advised in this matter; it is by the Court, this

_____ day of _____ 2007,

ORDERED, that Plaintiff's Motion For Order Remanding Case to the District of Columbia Superior Court is hereby DENIED.


_____
United States District Judge